DEBRA WONG YANG
United States Attorney
WAYNE R. GROSS
Assistant United States Attorney
Chief, Southern Division
ANNE C. GANNON
Assistant United States Attorney
(Cal. State Bar # 214198)
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone:  (714) 338-3548
    Facsimile:  (714) 338-3561
    E-mail:   Anne.Gannon@usdoj.gov

Attorney for Plaintiff
United States of America

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV -7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN HAROLD SCOBEY, JR.,<br><br>        Defendant. | SA CR 05-155-CJC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JOHN HAROLD SCOBEY, JR. |

    1.  This constitutes the plea agreement between John Harold Scobey, Jr. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

    2. Defendant agrees to plead guilty to count one of the indictment in <u>United States v. John Harold Scobey, Jr.</u>, SA CR 05-155-CJC.

DOCKETED ON CM

NOV 1 5 2006

BY_____

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count ONE, which charges distribution of child pornography, a violation of Title 18, United States Code, Section 2252A(a)(2)(A), the following must be true: (1) defendant knowingly distributed at least one image of child pornography, i.e., a visual depiction of sexually explicit conduct; (2) defendant knew that the image of child pornography contained in the material showed a minor engaged in sexually explicit conduct; (3) defendant knew that the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct or depicted such conduct; and (4) the visual depictions had been shipped or transported in interstate or foreign commerce by any means, including by computer. "Visual depiction" includes undeveloped film and video tape, and data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image. A "minor" is any person under the age of 18 years. "Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A) is: 20 years imprisonment; a life-time period of supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is 5 years imprisonment.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant understands that as a condition of supervised release, under 18 U.S.C. §3583(d), he will be required to register as a sex offender.

7. Defendant understands that defendant will be required to pay full restitution to the victims of the offense. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those counts and charges. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

> Between February 19, 2004 and February 23, 2004, defendant John Harold Scobey ("SCOBEY"), a member and moderator of the Yahoo! group "lisas_flower_basket", using the Yahoo! ID "jills692003" transmitted 103 child pornography images to the photos section of the group. SCOBEY knew that the child pornography had been shipped

4

or transported in interstate or foreign commerce by computer.

On June 16, 2004, the Federal Bureau of Investigation executed a search warrant at SCOBEY's residence in Garden Grove, California. During the search, law enforcement officers seized SCOBEY'S computer equipment including a Compaq Presario personal computer, containing a Seagate brand hard drive, serial number 3J82FED8, ("Seagate Hard Drive") and various compact discs which SCOBEY had possessed. A subsequent search of the hard drive and compact discs revealed images depicting child pornography, i.e., a visual depiction of actual minors engaged in sexually explicit conduct. The images and visual depictions had been shipped or transported in interstate or foreign commerce by any means, including by computer, or had been produced using materials which had been shipped or transported in interstate or foreign commerce, including by computer. In this case, the images of child pornography came from the internet. The Seagate Hard Drive and compact discs contained at least images of child pornography.

SCOBEY knowingly distributed and possessed material that he knew contained an image of child pornography, i.e., a visual depiction of sexually explicit conduct; SCOBEY knew that the images of child pornography contained in the material showed a minor engaged in sexually explicit conduct; and SCOBEY knew that the

5

production of the visual depictions involved the use of a minor engaging in sexually explicit conduct or depicted such conduct.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

12.  Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13.  Pursuant to USSG 1.B1.11(b)(1), defendant and the USAO agree and stipulate that the November 1, 2003 Sentencing Guidelines Manual should be applied to prevent a violation of the *ex post facto* clause of the United States Constitution. The parties also stipulate and agree to the following applicable sentencing guideline factors:

| | | |
|---|---|---|
| Base Offense Level : | __17__ | U.S.S.G. § 2G2.2(a) |
| Specific Offense Characteristics (Less than 12 years): | __+ 2__ | U.S.S.G. § 2G2.2(b)(1) |
| (Distribution) : | __+ 2__ | U.S.S.G. § 2G2.2(b)(2)(E) |
| (Use of a computer) : | __+ 2__ | U.S.S.G. § 2G2.2(b)(5) |
| Acceptance of Responsibility : | __- 3__ | U.S.S.G. §3E1.1 |

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 16) are met. Subject to paragraph 15, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, from either the applicable Offense Level or Criminal History Category, be imposed with the following exceptions. The USAO office may argue that defendant's offense level should be increased by 4 levels, pursuant to § 2G2.2(b)(3), because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. The parties may argue for any number of level increase based on the number of child pornography images involved in the offense, pursuant to § 2G2.2(b)(6)(D). If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant may argue for a sentencing variance, outside the calculation of the sentencing guidelines, based on United States v. Booker, 543 U.S. 220, 233 (2005).

   14.  There is no agreement as to defendant's criminal history or criminal history category.

   15.  The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant

and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he or she will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

   e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

   f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

\\
\\
\\

## THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

    c) To recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range provided that the total offense level as calculated by the Court is 25 or higher and provided that the Court does not depart downward in offense level or criminal history category.  To recommend a five year term of supervised release.

    d) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

BREACH OF AGREEMENT

18. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement.

19. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

20. Defendant gives up the right to appeal the Court's determination of the applicable Sentencing Guidelines range, including the method by which the Court calculated that range, with the following exceptions: the defendant can appeal (a) any

upward departure in offense level or criminal history category; and (b) any determination that the total offense level is above 29. Defendant retains the ability to appeal his sentence on all other grounds, including in particular the reasonableness of the sentence imposed by the court, the court's determination of defendant's criminal history category, and the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and the following conditions:

    a.  Defendant shall not possess or use a device with access to any online service at any location without the prior approval of the Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Further, defendant shall not have another individual access the Internet on his behalf to obtain files or information that he is restricted from accessing himself, or accept restricted files or information from another person;

    b.  Defendant shall use only those computers, computer-related devices, screen/user names, passwords, e-mail accounts, and Internet Service Providers (ISPs) as approved by the Probation Officer. Computer and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as peripheral equipment, that

can access, or can be modified to access, the Internet, electronic bulletin boards, other computers, or similar media. Defendant shall use any approved computers only within the scope of his employment. Defendant shall not access a computer for any other purposes. Defendant shall immediately report any changes in defendant's employment affecting defendant's access and/or use of computers or the Internet, including e-mail;

        c.    All computers, computer-related devices, computer storage media, and peripheral equipment used by defendant shall be subject to search and seizure, and subject to the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. Defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on any computers, computer-related devices, or their peripheral equipment without the prior approval of the Probation Officer, nor shall defendant hide or encrypt files or data. Further, defendant shall, as requested by the Probation Officer, provide all billing records, including telephone, cable, Internet, satellite, and similar records.

        d.    Defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within five days of release from imprisonment.

        e.    Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child

pornography, as defined in 18 U.S.C. 2256(8).

    f. Defendant shall not contact the victims, by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim(s) at all times. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal the sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category, (b) the Court determines that the total offense level is 29 or above, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEBRA WONG YANG
United States Attorney

_____     11-6-06
ANNE C. GANNON                         Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          11/2/06
JOHN HAROLD SCOBEY, JR.                  Date
Defendant

I am John Harold Scobey, Jr.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____          11-3-6
LEON PETERSON                            Date
DEPUTY FEDERAL PUBLIC DEFENDER

Counsel for Defendant
John Harold Scobey, Jr.

## CERTIFICATE OF SERVICE BY HAND

I, **STEPHANIE ASCENCIO**, declare:

That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is Office of United States Attorney, United States Courthouse, Suite 8000, 411 West Fourth Street, Santa Ana, California 92701; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by hand described in this Certificate was made; that on **November 7, 2006,** I hand delivered, in the above-entitled action, a copy of **PLEA AGREEMENT FOR DEFENDANT JOHN HAROLD SCOBEY, JR.**

Addressed to: **SEE ATTACHMENT**

This Certificate is executed on **November 7, 2006,** at Santa Ana, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
**STEPHANIE ASCENCIO**

**ATTACHMENT**

**LEON PETERSON - DFPD**
OFFICE OF THE FEDERAL DEFENDER
411 WEST FOURTH STREET
SUITE 7110
SANTA ANA, CA 92701